# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | **CRIMINAL ACTION FILE** |
| **v.** ) | |
| ) | **NO. 1:10-CR-251-TWT-AJB-08** |
| **ISRAEL SALGADO,** ) | **(Third Superseding)** |
| ) | |
| **Defendant.** ) | |

## ORDER FOR SERVICE OF
## REPORT AND RECOMMENDATION

Attached is the Report and Recommendation ("R&R") of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1) and N.D. Ga. CrR. 58.1(A)(3)(a), (b). The Clerk is **DIRECTED** to serve upon counsel for the parties and directly upon any unrepresented parties a copy of the R&R and a copy of this Order.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections to the R&R within **fourteen (14)** days of service of this Order. Should objections be filed, they shall specify with particularity the alleged error(s) made (including reference by page number to the transcript if applicable) and be served upon the opposing party. *See United States v. Gaddy*, 894 F.2d 1307, 1315 (11th Cir. 1990). The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary

hearing for review by the District Court. Failure to object in accordance with this rule waives a party's right to review. FED. R. CRIM. P. 59(b)(2).

Pursuant to 18 U.S.C. § 3161(h)(1)(H), **the above-referenced fourteen (14) days allowed for filing objections is EXCLUDED from the computation of time under the Speedy Trial Act ("the Act"), whether or not objections are actually filed.** If objections to this R&R are filed, the Clerk is **DIRECTED** to **EXCLUDE** from the computation of time all time between the filing of the R&R and the submission of the R&R, along with any objections, responses and replies thereto, to the District Judge. 18 U.S.C. § 3161(h)(1)(D), (H); *Henderson v. United States*, 476 U.S. 321, 331 (1986); *United States v. Mers*, 701 F.2d 1321, 1337 (11th Cir. 1983). The Clerk is **DIRECTED** to submit the R&R with objections, if any, to the District Court after expiration of the above time period.

**IT IS SO ORDERED and DIRECTED**, this  20th  day of  March , 2012.

 
**ALAN J. BAVERMAN**
**UNITED STATES MAGISTRATE JUDGE**

2

AO 72A
(Rev.8/82)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | **CRIMINAL ACTION FILE** |
| **v.** ) | |
| ) | **NO. 1:10-CR-251-TWT-AJB-08** |
| **ISRAEL SALGADO,** ) | **(Third Superseding)** |
| ) | |
| **Defendant.** ) | |

## UNITED STATES MAGISTRATE JUDGE'S
## SECOND FINAL REPORT AND RECOMMENDATION

Before the Court is a motion to dismiss the indictment, filed by Defendant Salgado *pro se*, [Doc. 415]. On March 12, 2012, the undersigned recommended that another *pro se* motion filed by Salgado to dismiss the indictment, [Doc. 405], be denied. [*See* Doc. 409 at 30-31 (32-33 in CM/ECF)]. On March 16, 2012, Salgado filed the pending motion. [Doc. 415]. It is **RECOMMENDED** that the motion to dismiss, [Doc. 415], also be **DENIED**.

Like the earlier motion, the present motion to dismiss should be **DENIED** for two reasons. First, Salgado is represented by counsel, and as such cannot as a matter of course and without prior permission file motions *pro se*. N.D. Ga. CrR. 57.1(D)(3). Salgado has not applied for nor received permission to file any motions *pro se* and thus is subject to denial on that ground alone.

AO 72A
(Rev.8/82)

Second, if the District Judge is not inclined to deny the motion on procedural grounds, on the merits, Salgado contends that Counts One, Two and Three of the Third Superseding Indictment should be dismissed because there was no competent evidence submitted to the grand jury about him. A defendant is not entitled to litigate the sufficiency of the evidence presented to the grand jury. *United States v. Georgalis*, 631 F.2d 1199, 1206 (5th Cir. 1980); *United States v. Gower*, 447 F.2d 187 191 (5th Cir. 1971)[1]; *see also United States v. Williams*, 504 U.S. 36, 54 (1992) (noting that "the mere fact that evidence itself is unreliable is not sufficient to require a dismissal of the indictment," and that "a challenge to the reliability or competence of the evidence presented to the grand jury" will not be heard) (quoting *Bank of Nova Scotia v. United States*, 487 U.S. 250, 261 (1988)). This, Salgado is not entitled to dismissal of the Third Superseding Indictment on the grounds that the evidence submitted to the indicting grand jury was insufficient.

He also argues that the Third Superseding Indictment generally and Count Three specifically lacks sufficient allegations of fact. Also, he alleges that Count Three, which charges him and others with possession with intent to distribute at least one

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

2

kilogram of heroin, [*see* Doc. 317 at 4], fails to demonstrate any unlawful intent, particularly since law enforcement made no seizures of drugs from his person or home in the investigation that led to the indictment. These arguments also are without merit.

"Generally, an indictment is sufficient if it: 1) sets forth the elements of the offense in a manner which fairly informs the defendant of the charge against which he must defend and 2) enables him to enter a plea which will bar future prosecution for the same offense." *United States v. Poirier*, 321 F.3d 1024, 1028 (11th Cir. 2003) (citing *Hamling v. United States*, 418 U.S. 87, 117 (1974), and *Belt v. United States*, 868 F.2d 1208, 1211 (11th Cir. 1989)); *see also United States v. Schmitz*, 634 F.3d 1247, 1259 (11th Cir. 2011) (" 'An indictment is considered legally sufficient if it: (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense.") (quoting *United States v. Jordan*, 582 F.3d 1239, 1245 (11th Cir. 2009)) (citation and quotations omitted).

"It is not necessary for an indictment . . . to allege in detail the factual proof that will be relied upon to support the charges." *United States v. Sharpe*, 438 F.3d 1257, 1263 n.3 (11th Cir. 2006)(quotation marks and citation omitted)). "[T]he language of

3

the statute alone, setting forth the factual elements of the offense, often provides the essential facts and adequate notice. *United States v. McGarity*, --- F.3d ----, ----, 2012 WL 370104, *42 (11th Cir. Feb. 6, 2012); *see also United States v. Wayerski*, 624 F.3d 1342, 1349-50 (11th Cir. 2010) (same).

To be sufficient, then, "[a] grand jury indictment must set forth each essential element of an offense. . . ." *United States v. Italiano*, 837 F.2d 1480, 1482 (11th Cir. 1988) (quoting *United States v. Outler*, 659 F.2d 1306, 1310 (5th Cir. Unit B Oct. 1981), *overruled on other grounds by United States v. Steele*, 147 F.3d 1316, 1320 (11th Cir. 1998) (*en banc*)). The elements of possession with intent to distribute a controlled substance (in the present case, heroin) are: (1) knowing or intentional possession; (2) with intent to distribute or dispense; (3) heroin. See 21 U.S.C. § 841(a)(1); *see United States v. Boykins*, 380 Fed. Appx. 930, 932 (11th Cir. June 1, 2010) (discussing elements in relation to a charge of possession with intent to distribute cocaine). In order "to sustain a conviction for possession with intent to distribute a controlled substance, it need not be proved that the defendant had knowledge of the particular drug involved, as long as he knew he was dealing with a controlled substance." *United States v. Gomez*, 905 F.2d 1513, 1514 (11th Cir. 1990). Possession may be established by showing either actual or constructive possession. *United States v. Hernandez*,

4

AO 72A
(Rev.8/82)

433 F.3d 1328, 1333 (11th Cir. 2005). Constructive possession may be exclusive or joint. *United States v. Tamargo*, 672 F.2d 887, 890 (11th Cir. 1982). "Constructive possession exists when a defendant has ownership, dominion, or control over an object itself or dominion or control over the premises . . . in which the object is concealed." *Hernandez*, 433 F.3d at 1333 (quotation omitted). While there must be some nexus between the defendant and the contraband, *Holmes v. Kucynda*, 321 F.3d 1069, 1080 (11th Cir. 2003), Count Three also charges those named in the count as aiders and abettors. A defendant may be convicted of possession with intent to distribute under an aiding and abetting theory provided that the government showed that: (1) a substantive offense was committed; (2) the defendant associated himself with the criminal venture; and (3) the defendant had the same unlawful intent as the actual perpetrator. *United States v. Perez*, 922 F.2d 782, 785-86 (11th Cir. 1991). So long as the government proves these elements, it need not show that the defendant was present at the scene of the crime. *Id.*

Reading the Third Superseding Indictment in light of these standards, the indictment is constitutionally sufficiently alleged as to all three counts. Count One alleges that between January 1, 2008 and June 29, 2010, Salgado and others knowingly and intentionally conspired to knowingly and intentionally possess with intent to

5

AO 72A
(Rev.8/82)

distribute and to knowingly and intentionally distribute a controlled substance, name marijuana and/or heroin. [Doc. 317 at 1-2]. Count Two charges Salgado and others with knowingly conspiring to commit various offenses against the United States in connection with the laundering of drug proceeds. [*Id.* at 2-4]. Finally, Count Three alleges that Salgado and others knowingly and intentionally possessed with intent to distribute at least one kilogram of heroin. [*Id.* at 4]. Each count sets out the statutory language which comprises the elements of the charged offenses.

Salgado also asks for a hearing before trial where evidence can be presented and arguments made in support of his motion. [Doc. 415 at 3]. A district court may not dismiss an indictment prior to trial on grounds of insufficiency of evidence. Neither this judge nor the District Judge is authorized to do that. *Sharpe*, 438 F.3d at 1263 (A "court may not dismiss an indictment . . . on a determination of facts that should have been developed at trial.") (quoting *United States v. Torkington*, 812 F.2d 1347, 1354 (11th Cir. 1987)). The proper avenue to challenge the sufficiency of the government's evidence is by way of a motion for judgment of acquittal after the close of the government's case, and not by a pretrial motion to dismiss. *United States v. Salman*, 378 F.3d 1266 (11th Cir. 2004). Therefore, Salgado is not entitled to consideration of the sufficiency of evidence to indict him at this stage of the

6

AO 72A
(Rev.8/8
2)

proceedings, nor is he entitled to a hearing in advance of trial to present evidence or arguments as to his contentions.

As a result, the undersigned **RECOMMENDS** that Salgado's *pro se* motion to dismiss the indictment, [Doc. 415], be **DENIED**. The case as to this Defendant is again **CERTIFIED READY FOR TRIAL**.

The Clerk is **DIRECTED** to mail a copy of this Report and Recommendation directly to Defendant.

**IT IS SO RECOMMENDED, CERTIFIED AND DIRECTED**, this the 20th day of March, 2012.

**ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE**

AO 72A
(Rev.8/82)